IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCCA HENRIQUE GUEDES,

      Petitioner,

      v.                                  Case No. 1:25-cv-00912 KWR-KRS

PAMELA BONDI, *in her official capacity as*
*Attorney General of the United States,*
KRISTI NOEM, *in her official capacity as secretary*
*of the Department of Homeland Security,*
COREY A PRICE, *Field Office Director*,
FNU LNU, *Warden of Torrance County Detention Center,*

      Respondents.

## ORDER DIRECTING SERVICE AND ANSWER

THIS MATTER comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus pursuant to § 2241 (the "Petition"). **Doc. 1**. Petitioner alleges he has been in ICE custody since August 3, 2025. Pet., Doc. 1 at 1. He filed a Petition for Writ of Habeas Corpus under § 2241, seeking either immediate release from ICE custody or an immediate bond hearing before an immigration judge. As explained below, the Court has reviewed the Petition and directs Petitioner to serve the Petition and this Order on Respondent. Moreover, to the extent Petitioner requests *ex parte* injunctive relief, i.e. his immediate release without notice to the Respondents, the Court declines to grant such relief. If Petitioner seeks emergency injunctive relief, he should file and serve such a motion on Respondents.

**I.**     **The Court directs Petitioner to serve the Petition on Respondents and orders Respondents to answer the petition.**

As explained below, the Court directs Petitioner to serve the Petition and this Order, and directs Respondents to answer the Petition within 30 days of service of the Petition.

Petitioner filed this habeas petition under § 2241. The Court may apply the § 2254 habeas rules to this § 2241 petition. *See* Rules Governing § 2254 cases, Rule 1(b). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. Rules Governing § 2254 cases, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. Rules Governing § 2254 cases, Rule 4. Having reviewed the Petition, the Court concludes that the claims must be resolved on a full record, including an answer from Respondents.

Therefore, the Court directs Petitioner to serve copies of this Order and the Petition to the appropriate Respondents. Petitioner shall file a certificate of service on the record. Moreover, Respondents shall answer the Petition within 30 days of service of this Order and the Petition. *See* Rules Governing § 2254 cases, Rule 4 (granting court discretion to fix a time to file an answer). The answer must address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider.

**II.     The Court declines to grant emergency relief to the extent it is sought *ex parte*.**

In two paragraphs toward the end of his Petition, Petitioner also moved for emergency relief under Fed. R. Civ. 65 and requested immediate release. Pet., Doc. 1 at ¶¶ 65, 66. As explained below, to the extent Petitioner seeks *ex parte* relief, the Court concludes that Petitioner has not demonstrated that *ex parte* relief is warranted. To the extent Petitioner seeks emergency relief, he should serve the motion on the appropriate Respondents.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). "[B]ecause a

preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir.2012) (citations omitted).

To obtain a preliminary injunction or temporary restraining order, Petitioner must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; *and* (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

Courts disfavor preliminary injunctions that "exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win." *Mrs. Fields Franchising, LLC*, 941 F.3d at 1232. If a motion for preliminary injunction exhibits one of these three characteristics, the Petitioner faces "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors." *Id.*

Moreover, Fed. R. Civ. P. 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, Petitioner has not certified in writing any efforts made to give notice to the Respondents and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B).

3

Although Petitioner *generally* references the irreparable harm one suffers from being detained, he does not explain or address why the Court should award him all the relief he seeks in his Petition without notice to the Respondents. *See* Pet., Doc. 1 at ¶ 66. Moreover, to the extent Petitioner seeks *complete* relief *ex parte* without briefing or an appropriate record, the Court finds that briefing and notice to the Respondents would be appropriate. Therefore, if Petitioner seeks preliminary injunctive relief or emergency relief under Fed. R. Civ. P. 65, he should serve such motion on the appropriate parties.

## CONCLUSION

Accordingly, it is **ORDERED** that Petitioner serve copies of this Order and the Petition on the appropriate Respondents and file a certificate of service on the record.

It is **FURTHER ORDERED** that the Respondents shall answer the Petition within **thirty (30) days** of service of this Order and the Petition. The answer must address the merits of the Petition and attach all relevant evidence or documents Respondents wish the Court to consider.

                                        /S/
                                   KEA W. RIGGS
                                   UNITED STATES DISTRICT JUDGE